## AMERICAN TRUST CO. v. AMERICAN CENT. LIFE INS. CO.

(District Court, D. Tennessee, at Nashville. July 15, 1922.)

No. 1430.

1. **Insurance ⊜➙146(3)—Ambiguous provision resolved most strongly against insurer.**

Ambiguous provision in insurance policy, so framed as to leave room for two constructions, is to be resolved most strongly against insurer.

2. **Insurance ⊜➙529—Life policy, containing double indemnity benefit in case of accidental death, held to cover accidental death within one year of policy date; "premium-paying period."**

Life policy, containing disability benefit provision waiving payment of premium during disability of insured and containing double indemnity benefit clause which provided, in case of accidental death, payment of double face amount of policy on proof that death of insured occurred "during the premium-paying period and not less than one year from the date thereof," held to cover accidental death within one year of date of policy; the words "premium-paying period" relating to period in which insured was not relieved from payment of premiums under preceding disability benefit provision.

Judgment affirmed 5 F.(2d) 71.

Reynolds & Peebles, of Nashville, Tenn., for American Central Life Ins. Co.

McCarley & Stephenson, and H. A. Luck, all of Nashville, Tenn., for American Trust Co.

SANFORD, District Judge. The demurrer, as amended, is specifically limited to so much of the declaration, as amended, as seeks recovery of the additional $5,000.00 of accident insurance under the "Double Indemnity Benefit" provision of the rider.

The general policy, dated May 6, 1921, is for the sum of $5,000.00, regardless of the cause of death, except in case of self-destruction within two years. The insured was then 47 years of age.

It specifically recites, on page 3, that: "The consideration for this policy shall be the application therefore and a premium of Two Hundred and Seven and 30/100 Dollars *for the period terminating May sixth, 1922,* and a premium of like amount payable on said date and annually thereafter during the continuance of this policy."

The attached rider, printed on one sheet and evidently intended to be attached as an entirety, contains two provisions; the first entitled "Total and Permanent Disability Benefit"; and the second, "Double Indemnity Benefit."

*The Disability Benefit* provision is, in substance, that if, while no premium is in default, the insured, before attaining sixty years, becomes so disabled as to be prevented from working or following any gainful occupation, the Company will waive the payment of each premium thereafter becoming payable under the terms of the policy and will pay the insured, after six months, a monthly income of $50.00, during the continuance of such disability or until the face of the policy becomes payable. It is further recited that the premium for this disability benefit, $14.10, is included in the premium of $207.30, stated on page 3 of the policy, and that it shall cease when the insured becomes sixty years of age, the amount of the premium to be reduced in like amount.

*The Double Indemnity Benefit* provision, which, as stated is printed on the same rider as the Disability Benefit provision and immediately after it, states in the first para-

graph that, "The Company will pay double the face amount of this policy to the beneficiary, upon proof that the death of the insured occurred *during the premium paying period and not less than one year from the date thereof*, and before attaining age sixty-five," in consequence of bodily injury effected accidentally; "provided that no premium is due or unpaid or has been waived under any disability provision and that this policy is then in full force." It is further recited that the premium for this double indemnity benefit, $10.80, is included in the premium of $207.30 stated at p. 3 of the policy, and that it shall cease when the insured becomes sixty-five years of age, all subsequent premiums to be reduced by such amount.

It is alleged in the declaration and admitted by the demurrer, that the insured paid the entire premium of $207.30, including the double indemnity premium of $10.80 upon the issuance of the policy.

The defendant's theory is that the phrase "and not less than one year from the date thereof" in the Double Indemnity Benefit provision means "not less than one year from the date of the policy," and that hence, as the accidental death of the insured occurred less than one year after such date, there is no liability for the additional $5,000.00 of accident insurance.

[1] It is well settled, however, that an ambiguous provision in an insurance policy, so framed as to leave room for two constructions, is to be resolved most strongly against the insurer. Liverpool Ins. Co. v. Kearney, 180 U. S. 132, 136, 21 S. Ct. 326, 45 L. Ed. 460; Railway Association v. Moseley (6th Circ.) 211 F. 1, 5, 127 C. C. A. 427; and many other cases.

The construction of the clause "not less than one year from the date *thereof*" upon which the defendant relies is, however, open to grave doubt.

1. It treats the word "thereof" as equivalent to "hereof" and as referring to the previous words "this policy," to which it does not grammatically relate, and from which it is separated by the phrase as to the "premium-paying period," to which it does grammatically relate.

2. It attaches no meaning whatever to the preceding phrase in reference to the premium-paying period, to which the word "thereof" grammatically relates; and which on the defendant's theory is entirely superfluous. If the defendant's construction be that which was in fact intended obviously the clause would have been naturally and simply written: "Accompanied by due proof that the death of the Insured occurred not less than

one year from the date hereof" (or, of this policy) and before attaining age sixty-five; there being no necessity, if this was what was intended, in any reference to the premium-paying period.

3. And it is in direct conflict with the explicit statement in the policy itself, specifically referred to in the rider, that the $10,80 of double indemnity premium is part of the $207.30 paid as the premium "for the period terminating May 6, 1922," that is, for the entire first year after the issuance of the policy. Manifestly as the accident premium was paid, as is thus recited, for the entire first year, liability therefor is not to be denied unless plainly required by the clear construction of the language used.

[2] On the other hand the clause may, it seems, be reasonably construed by referring the phrase "and not less than one year from the date thereof" to the phrase "during the premium-paying period," which it immediately succeeds—being, in fact, a part of the same general connected phrase—and treating the word "thereof" as referring to "the premium-paying period" to which undoubtedly it grammatically relates. The words "premium-paying period," while not otherwise used or specifically defined, obviously relate, in my opinion, to the period in which the insured was not relieved from the payment of premiums under the preceding Disability Benefit provision, being part of the same rider, and obviously printed for use in connection with the Double Indemnity Benefit provision. Under the Disability Benefit provision, the insured was relieved from the paying of premiums upon incurring a disability, as therein defined, and so long as such disability continued. The period in which there was no such disability would therefore be the "premium-paying period"; while that in which a disability existed and continued would not be a "premium-paying period."

So construed, the Double Indemnity benefit would not apply if accidental death occurs during a period of the insured's disability which would not be a "premium-paying period"; in which there would probably be an increased likelihood of accident, and in which the insured would not only not pay the double indemnity premium, but would also receive a monthly income from the Company. And further, if the phrase "not less than one year from the date thereof," relates to the premium-paying period, then it would also seem to have been intended in case a disability once incurred thereafter terminated, and the premium-paying period was thereby reinstated, the Double Indem-

nity Benefit would still not apply if accidental death occurred within one year after the resumption of the premium-paying period, while there would still probably be an increased likelihood of accident.

So far as the case of an accidental death occurring during a period of disability, that is, a nonpaying-premium period, is concerned, this construction of the clause seems to me quite clear, and the most reasonable construction that can be given, consistent with the language of the provision. This construction is, I think, emphasized by the specific language of the proviso in reference to the non waiver of any premium under a disability provision; this proviso being, as I view it, inserted by way of precaution to guard against any other construction of the clause and not as an exception therefrom, just as out of like precaution it was inserted in the same proviso that this provision should only attach if the accidental death occurred when the policy was in full force. So far as this construction of the clause relates to the period of one year after the termination of a disability, it is not so clear, but in this respect, I think it is just as clear and reasonable a construction as that which would limit the effective date of the Double Indemnity to one year after the date of the policy, is more consistent with the grammatical construction of the clause and less obviously in conflict with its other provisions. But to say the least, I think the clause in question is ambiguous, and certainly gives room to more than one construction. It is accordingly, under the well settled rule of construction above cited, to be construed most strongly against the insurer and as not depriving the beneficiary of the right to the double indemnity because the death of the insured occurred less than one year from the date of the policy.

An order will accordingly be entered overruling the demurrer.